UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| DEXTER JOHNSON and VANCE ESTES, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF HARVEY AND )<br>HARVEY POLICE COMMANDER )<br>ANNETTE AVANT, STAR NO. 306, )<br>DETECTIVE ESCALANTE, STAR NO: )<br>412, and POLICE OFFICER K.SMITH )<br>STAR NO. 648 )<br>)<br>)<br>    Defendants. ) | No.  08 C 713<br><br>Judge James B. Zagel |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

    Defendants, City of Harvey, Annette Avant, Detective Escalante and and Police Officer K. Smith, through their attorneys, Joseph R. Marconi, Eydie R. Glassman and Gabriel R. Judd, of the Law Firm Johnson & Bell, Ltd., as and for their Answer to Plaintiffs' First Amended Complaint state as follows:

**JURISDICTION AND VENUE**

    1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:** Defendants admit that Plaintiffs seek to assert a cause of action under 42 U.S.C. § 1983 and that jurisdiction of this Court for actions brought under § 1983 is conferred by 28 U.S.C. § 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Admitted.

## PARTIES

3. At all times herein mentioned, plaintiff DEXTER JOHNSON ("JOHNSON") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of allegations of Paragraph 3.

4. At all times herein mentioned, plaintiff VANCE ESTES ("ESTES") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of allegations of Paragraph 4.

5. At all times herein mentioned defendant Annette Avant, Star No. 306 ("Avant") was employed by the Harvey Police Department and was acting under color of state law and as the employees, agent, or representatives of the Harvey Police Department. This Defendant is being sued in her individual capacity.

**ANSWER:** Defendants admit that Annette Avant was an employee of the Harvey Police Department on the date at issue and was acting within the scope of her authority as a police officer for the City of Harvey on the date of the incident in question. Defendants admit that Plaintiffs attempt to bring this cause of action against defendant Annette Avant, individually.

6. At all times herein mentioned defendant Harvey Police Detective Escalante, Star No. 412 ("Escalante") was employed by the Harvey Police Department and was acting under color of state law and as the employee, agent, or representatives of the Harvey Police Department. This defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit that Detective Escalante was an employee of the Harvey Police Department on the date at issue and was acting within the scope of his authority as a police officer and detective for the City of Harvey on the date of the incident in question. Defendants admit that Plaintiffs attempt to bring this cause of action against defendant Detective Escalante, individually.

7. At all times herein mentioned defendant Harvey Police Officer K. Smith, Star No. 648 ("Smith") was employed by the Harvey Police Department and was acting under color of state law and as the employee, agent, or representatives of the Harvey Police Department. This defendant is being sued in her individual capacity.

**ANSWER:** Defendants admit that Harvey Police Officer K. Smith was an employee of the Harvey Police Department on the date at issue and was acting within the scope of his authority as a police officer for the City of Harvey on the date of the incident in question. Defendants admit that Plaintiffs attempt to bring this cause of action against defendant Police Officer Smith, individually.

8. At all times herein mentioned, the City of Harvey was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Harvey maintained, managed, and/or operated the Harvey Police Department.

**ANSWER:** Defendants admit that it is a municipal corporation, existing under the laws of the State of Illinois and further admits that the Harvey Police Department is a department

within the City of Harvey's corporate structure. As a city can only act through its employees, the City of Harvey denies that it maintains, manages or operates the Harvey Police Department and further denies the remaining allegations of Paragraph 6.

## FACTUAL ALLEGATIONS

9. On or about April 1, 2007, Johnson and Estes were in the City of Harvey, County of Cook, State of Illinois.

**ANSWER:** Admitted

10. At that time and place Johnson and Estes were informed by Avant, Escalante and Smith that they were not free to leave the Harvey Police Department.

**ANSWER:** Denied

11. There was no probable cause to seize Johnson and Estes.

**ANSWER:** Defendants deny the allegations of paragraph 11 and specifically deny any "seizure".

12. There was no legal cause to seize Johnson and Estes.

**ANSWER:** Defendants deny the allegations of paragraph 12 and specifically deny any "seizure".

13. There was no warrant authorizing a seizure of Johnson and Estes.

**ANSWER:** Defendants deny the allegations of paragraph 13 and specifically deny any "seizure".

14. Johnson and Estes did not consent to being seized.

**ANSWER:** Defendants deny the allegations of paragraph 14 and specifically deny any "seizure".

15. By reason of the above-described acts and omissions of defendant[sic], Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:** Denied.

16. The aforementioned acts of Avant, Escalante and Smith were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Denied

17. By reason of the above-described acts and omissions of Avant, Escalante and Smith, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within actions so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of allegations as to whether Plaintiffs were required to retain an attorney to vindicate any alleged loss of rights and specifically deny any breach of duty owed to Plaintiffs. Defendants further deny that Plaintiffs are entitled to payment of attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act or any other provision of law.

## COUNT I
### Plaintiffs Johnson and Estes Against Defendants Avant, Escalante and Smith
### UNREASONABLE SEIZURE

18.　Plaintiffs hereby incorporate and reallege Paragraphs one (1) through fifteen (15) hereat as though fully set forth at this place.

**ANSWER:**　Defendants hereby incorporate their answers to Paragraphs one (1) through fifteen (15) *supra*, as and for their answer to Paragraph 18, as though fully set forth herein.

19.　By reason of the Defendants' conduct Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

**ANSWER:**　Denied

20.　The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' persons was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs' right in the following manner: seizing plaintiffs inside the Harvey Police Department was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**　Denied.

## COUNT II
## Plaintiffs Johnson and Estes Against Defendants Avant, Escalante, Smith and the City of Harvey For The State Supplemental Claim of FALSE IMPRISONMENT

21.   Plaintiffs hereby incorporates [sic] and re-alleges [sic] paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

**ANSWER:**   Defendants hereby incorporate their answers to Paragraphs one (1) through fifteen (15) *supra*, as and for their answer to Paragraph 21, as though fully set forth herein.

22.   Avant, Escalante, Smith and the City of Harvey committed the tort of False Imprisonment when they refused to let Johnson and Estes leave the Harvey Police Department without any legal cause for this refusal.

**ANSWER:**   Denied.

23.   The City of Harvey is liable to plaintiffs for acts of Avant, Escalante and Smith pursuant to the doctrine of *respondeat superior*.

**ANSWER:**   Denied.

24.   As a result of these acts and/or omissions plaintiffs were damaged, and the defendants Unknown Officers and the City of Harvey are liable under the state supplemental claim of False Imprisonment.

**ANSWER:**   Denied.

Defendants, Officer Annette Avant, Detective Escalante, Officer K. Smith and City of Harvey City of Harvey, deny that Plaintiffs are entitled to judgment against them in the amount sought, or any sum whatever, pray for entry of an order dismissing Plaintiffs' First Amended Complaint at Law and for entry of judgment against Plaintiffs and for Defendants, with costs of suit, and such other relief as is appropriate and just.

## JURY DEMAND

Defendants demand a jury trial of all issues triable by jury.

          Respectfully submitted this 3rd day of September, 2008

          Officer Annette Avant, Detective Escalante, Officer K. Smith and City of Harvey

          By      s/Eydie R. Glassman
               One of their Attorneys

Joseph R. Marconi
Eydie R. Glassman
Gabriel R. Judd
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
312/372-0770
#1927035